Daniel L. Bonnett
MARTIN & BONNETT P.L.L.C.
4647 N 32nd Street, Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

Gregory K. McGillivary *(admitted pro hac vice)*
Molly A. Elkin *(admitted pro hac vice)*
Sarah M. Block *(admitted pro hac vice)*
Rachel B. Lerner *(admitted pro hac vice)*
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
gkm@mselaborlaw.com
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Vanessa Mason, Colin Eastman, Carmella York, and all others similarly situated,

        Plaintiffs,

     v.

SS Staffing Services, LLC, and

Sheraz Warraich,

        Defendants.

CASE NO. 2:26-cv-00446-KML

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs Vanessa Mason, Colin Eastman, and Carmella York were employed by Defendants SS Staffing Services, LLC and Sheraz Warraich (collectively "Nirvana Cannabis"), and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), against Defendants on behalf of themselves and all

others similarly situated because of Defendants' failure to pay wages in accordance with the FLSA. Plaintiff Mason brings this action as a class action on behalf of herself and the Arizona Class (defined below) in accordance with Fed. R. Civ. P. 23 and Arizona common law. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq*, and under Arizona common law.

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiffs were employed by Defendants as Budtenders in Defendants' retail Nirvana Cannabis dispensaries in various states, including but not limited to Arizona, Michigan, and Illinois.

5.    Plaintiff Vanessa Mason was employed by Defendants in the position of Budtender at Defendants' Downtown Phoenix Nirvana Cannabis store in Arizona, located at 702 E Buckeye Road, Phoenix, Arizona 85034.

6.    Plaintiff Colin Eastman was employed by Defendants in the position of Budtender at Defendants' Coldwater Nirvana Cannabis store in Michigan, located at 710 E Chicago Street, Coldwater, Michigan 49036.

7.    Plaintiff Carmella York was employed by Defendants in the position of Budtender at Defendants' Lincoln Square Nirvana Cannabis store in Illinois, located at 2301 W Lawrence Avenue, Chicago, Illinois 60625.

8.      Plaintiffs have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Their consents are appended to this Complaint in Exhibit A.[1] Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).

9.      Plaintiff Mason brings this action as a class action on behalf of herself and the Arizona Class defined below in accordance with Fed. R. Civ. P. 23 and Arizona common law.

10.     Defendant SS Staffing Services, LLC, d/b/a/ Nirvana Cannabis is an Arizona corporation. Its principal office is located at 1414 W Broadway Road, Suite 210A, Tempe, Arizona, 85282, and its principal is Sheraz Warraich.

11.     SS Staffing Services, LLC may be served on its registered agent, Nirvana Center Management Group, LLC, at 1414 W Broadway Road, Suite 210A, Tempe, Arizona, 85282.

12.     Defendant Sheraz Warraich is an Arizona resident. He is an owner, agent, and principal of SS Staffing Services, LLC. He is directly involved in the operation and management of Nirvana Cannabis' retail dispensary locations. Upon information and belief, his address is 2339 E Minton Street, Mesa, Arizona 85213.

13.     Defendants are each an "employer" within the meaning of 29 U.S.C § 203(d). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a).

14.     At all times material to this action, Defendants have been enterprises engaged

---

[1] Plaintiffs Vanessa Mason, Colin Eastman, and Carmella York's consent forms were also filed with the original complaint on January 22, 2026, ECF No. 1-1.

in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

15.    At all times material herein, Defendants have been actively conducting business in Arizona, Michigan, and Illinois, among other states.

**FACTS**

16.    Nirvana Cannabis is a medical and recreational cannabis company that owns and operates cannabis dispensaries in five states: Arizona, Michigan, Maryland, Illinois, and Ohio.

17.    Defendant SS Staffing Services, LLC is the principal entity that owns, operates, and oversees all of the Nirvana Cannabis stores and their employees across the country, including in Arizona, Michigan, and Illinois. Among other things, SS Staffing Services is responsible for issuing and enforcing policies and procedures and provides oversight relating to other human resources management issues for employee of Nirvana Cannabis retail dispensaries nationwide.

18.    Defendant Sheraz Warraich is the principal in charge of the entire Nirvana Cannabis brand and operations.

19.    For example, Defendants operate seven (7) stores in Arizona, ten (10) in Michigan, and four (4) in Illinois. Nirvana Cannabis's stores, including these,  are identified on Nirvana Cannabis's website.[2]

20.    In Arizona, as noted on the Nirvana Cannabis website, Nirvana's stores are located in Apache Junction, Downtown Phoenix, Florence, North Phoenix, Prescott Valley,

---

[2] https://nirvanacannabis.com/stores/.

Tucson, and West Phoenix.

21.     In Michigan, as noted on the Nirvana Cannabis website, Nirvana's stores are located in Center Line, Coldwater, Escanaba, Houghton, Kalamazoo, Lowell, Marquette, Menominee, Monroe, and Sault Ste. Marie.

22.     In Illinois, as noted on the Nirvana Cannabis website, Nirvana's stores are located in Mt. Carmel, Lincoln Square, Palatine, and Lake Zurich. Defendants' stores sell a variety of cannabis products for recreational and medical purposes.

23.     Each of Defendants' stores is named and branded under the Nirvana Cannabis name, and each store sells Nirvana Cannabis branded products.

24.     Nirvana Cannabis expands their business by a combination of new license applications and acquiring existing companies and licenses. Thus, despite all being owned and operated by Defendants, the cannabis licenses for all Nirvana Cannabis stores are held under varying entity names that differ by store and by state depending on the license history and applicable state regulations.

25.     Arizona legalized the recreational sale of cannabis products on November 30, 2020.

26.     Michigan legalized the recreational sale of cannabis products on December 6, 2018.

27.     Illinois legalized the recreational sale of cannabis products on January 1, 2020.

28.     Plaintiffs and all others similarly situated work or worked for Defendants as Budtenders—a portmanteau of the words "bud" and "bartender"—who serve as hourly-paid retail associates at Defendants' dispensary stores.

29. Plaintiff Mason was employed by Defendants as a Budtender from approximately September of 2023 to August of 2025.

30. Plaintiff Mason worked at the Downtown Phoenix location, located at 702 E Buckeye Road, Phoenix, Arizona 85034.

31. Plaintiff Eastman was employed by Defendants as a Budtender from approximately April of 2022 to November of 2025.

32. Plaintiff Eastman worked at the Coldwater location, located at 710 E Chicago Street, Coldwater, Michigan, 49036.

33. Plaintiff York was employed by Defendants as a Budtender from approximately May of 2025 to September of 2025.

34. Plaintiff York worked at the Lincoln Square location, located at 2301 W Lawrence Avenue, Chicago, Illinois, 60625.

35. Plaintiffs, and all other similarly situated budtenders, are or were jointly employed by SS Staffing Services, LLC and Sheraz Warraich, regardless of whether they work in Arizona, Michigan, or Illinois, and regardless of the particular entity name under which each store is licensed.

36. Those seeking employment at Nirvana Cannabis stores throughout the country, including in Arizona, Michigan, and Illinois, can find job postings and apply for store-specific positions on the main Nirvana Cannabis website. *See* https://nirvanacenter.isolvedhire.com/jobs/. Plaintiffs and other similarly situated budtenders at Nirvana Cannabis stores in Arizona, Michigan, and Illinois, are subject to Nirvana Cannabis's company-wide rules and policies, including but not limited to Nirvana

Cannabis's company-wide rules regarding tip pooling.

37. Defendants set the schedules, as well as wages and benefits, for the Plaintiffs and other similarly situated budtenders.

38. Budtenders work on the sales floor and at the cash register assisting customers in the selection and purchasing of cannabis products.

39. Budtenders' first-line supervisors, and the individuals who supervise the Budtenders on the retail floor, are referred to as Supervisors, Agents in Charge, or other similar titles (collectively "Supervisors"). Supervisors rarely interact with or assist customers or work at a register, as their primary job duty is to supervise the Budtenders.

40. In addition to Budtenders and Supervisors, Defendants' stores are also staffed with a General Manager, and sometimes an Assistant General Manager, as well as Inventory Associates and Inventory Managers who work in the stockroom. Employees in these job titles rarely interact with customers.

41. Generally, Defendants' stores are staffed with approximately 4-6 Budtenders, and at larger stores, can have 10-15 Budtenders per shift. Defendants' stores are staffed with approximately 3-6 Supervisors per shift.

42. As a Budtender in Arizona, Defendants paid Plaintiff Mason at an hourly rate of $17.75 per hour.

43. As a Budtender in Michigan, Defendants originally paid Plaintiff Eastman at an hourly rate of $16 per hour, but Defendants raised his hourly rate to $16.75 per hour.

44. As a Budtender in Illinois, Defendants paid Plaintiff York at an hourly rate of approximately $17 per hour.

45. Plaintiffs and all others similarly situated also customarily and regularly earn more than $30 per month in tips.

46. It is common in the industry for cannabis dispensary customers to leave tips, and customers at Nirvana Cannabis stores have left, and do leave, tips for Budtenders consistent with industry custom.

47. At each Nirvana Cannabis store, each register has a tip jar or tip box in front of it where customers can leave cash tips.

48. Pursuant to company-wide policy and practice, Defendants use a mandatory tip pool system to distribute tips to employees at all Nirvana Cannabis stores. Tips are distributed from the tip pool and paid out to employees on a weekly basis in cash.

49. Pursuant to company-wide policy and practice, tips are pooled and divided among Budtenders, Supervisors, Inventory Associates, Inventory Managers, and on occasion, the Assistant General Managers. Tips are divided in proportion to the total number of hours each employee worked that day. The tip pool at each of Defendants' stores is divided and distributed to staff using the same methodology.

50. Because of how Defendants' stores are staffed, when the tips are distributed through the mandatory tip pool based on total hours worked, Supervisors, Inventory Managers, Store Managers, and Assistant General Managers receive a larger portion of the tips than do Budtenders, even though the Budtenders perform the customer-facing work.

51. Additionally, it is the practice of General Managers to take and use tips from the tip pool – despite not formally participating in the tip pool – for business related expenses, including to make up register shortages, purchase holiday decorations and to fund

8

staff events or meals. These tips were owed to Plaintiffs and similarly situated employees but were unlawfully retained by the business.

## COLLECTIVE ACTION TO REMEDY VIOLATIONS OF THE FLSA

52.    Defendants have violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

53.    As a result of the failure to pay wages in accordance with the FLSA, Plaintiffs, as well as those similarly situated to Plaintiffs, have suffered monetary damages by failing to receive their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount of unpaid tips owing to the Plaintiffs and those similarly situated to the Plaintiffs, Plaintiffs and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b).

54.    Plaintiffs and those similarly situated to Plaintiffs are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

55.    Defendants' actions in failing to compensate Plaintiffs and other similarly situated employees of Defendants in accordance with the provisions of the FLSA were willful and not in good faith.

56.    There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of Budtender at Nirvana Cannabis stores nationwide and who participated in a mandatory tip pool that unlawfully included supervisors and managers

9

and who should receive notice and be given the opportunity to join the present lawsuit.

**CLASS ACTION TO REMEDY
VIOLATIONS OF ARIZONA COMMON LAW**

57.    Defendant SS Staffing Services, LLC has violated Arizona common law, resulting in damages to Plaintiff Mason and all Arizona Class Members in the form of withheld tips, liquidated damages, interest, incurred and incurring costs, and reasonable attorneys' fees.

58.    The Arizona Class is defined as follows: All individuals employed by Defendant SS Staffing Services, LLC as hourly-paid Budtenders in Nirvana Cannabis stores in Arizona at any time within the past four years.

59.    There are in excess of 140 members of the Arizona Class. Thus, the Arizona Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Arizona Class Members are known to Defendant, are readily identifiable, and can be located through Defendant's work and payroll records.

60.    There are questions of law and fact common to the members of the Arizona Class, including but not limited to whether the Defendant violated Arizona common law by implementing an unlawful tip pool that includes Supervisors and Managers.

61.    Other common questions of law and fact include, but are not limited to:

　　a.    Whether Defendant required Plaintiff Mason and Arizona Class Members to participate in a tip pool that unlawfully included Supervisors and Managers;

　　b.    Whether Defendant improperly retained lawfully earned tips by Plaintiff Mason and Arizona Class Members;

　　c.    Whether Defendant was unjustly enriched by its practices; and

10

d.  Whether as a result of violations of Arizona common law, Plaintiff Mason and the members of the Arizona Class are also entitled to an award of attorneys' fees.

62.  The claims of Plaintiff Mason are typical of all members of the Arizona Class. Plaintiff Mason has the same interests in this matter as all members of the Arizona Class.

63.  Plaintiff Mason is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Arizona Class.

## COUNT ONE

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Against All Defendants)**

64.  Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-63.

65.  At all times material herein, Plaintiffs and similarly situated Budtenders nationwide have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

66.  Under the FLSA, and "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

67.  Defendants' mandatory tip pool included not only Budtenders but also Supervisors and Managers in violation of 29 U.S.C. § 203(m)(2)(B).

68.  The mandatory tip pool which unlawfully included the Supervisors and Managers resulted in Plaintiffs and those similarly situated nationwide not being paid the

full amount of tips owed to them pursuant to the FLSA.

69. Defendants' practice of permitting General Managers to take and use tips for business expenses, for example to make up register shortages, buy holiday decorations for the store, and to fund staff events, also resulted Defendants' retaining Plaintiffs' tips and resulted in Plaintiffs and those similarly situated nationwide not being paid the full amount of tips owed to them pursuant to the FLSA.

70. Defendants' violations of the FLSA as alleged herein have been done in a willful manner.

71. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount equal to the backpay as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

72. The employment and work records for the Plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and similarly situated persons' payroll and other employment records from which the amounts of Defendants' liability can be ascertained.

## <u>COUNT TWO</u>

**UNJUST ENRICHMENT UNDER ARIZONA COMMON LAW**
**(Against Defendant SS Staffing Services, LLC Only)**

73.    Plaintiff Mason realleges and incorporates by reference all allegations in paragraphs 1-63.

74.    Plaintiff Mason and the Arizona Class are entitled to retention of all the tips paid to them by customers.

75.    Defendant SS Staffing Services, LLC  failed to properly account for the tips paid to Plaintiff Mason and the Arizona Class and retained the fruits of the labor of Plaintiff Mason and the Arizona Class and retained the monies that should have been paid to Plaintiff Mason and the Arizona Class as tips.

76.    Defendant was unjustly enriched by its refusal to pay Plaintiff Mason and the Arizona Class all tips owed and have benefited at their expense.

77.    Defendant should be required to disgorge this unjust enrichment to Plaintiff Mason and all members of the Arizona Class, and to pay interest on all damages.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiffs pray that this Court grant relief against Defendants as follows:

(a)    Certify a collective action under the FLSA;

(b)    Certify an Arizona class action under Fed. R. Civ. P. 23;

(c)    Enter a declaratory judgment declaring that Defendants have willfully and wrongfully violated Plaintiffs' statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(d)    Order a complete and accurate accounting of all the compensation to which Plaintiffs, Class Members, and all others similarly situated are entitled;

(e)    Award Plaintiffs and all others similarly situated, monetary damages under the FLSA in the form of backpay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(f)    Award Plaintiff Mason and all Arizona Class Members, monetary damages under Arizona common law, in the form of back pay compensation and benefits, liquidated damages, and interest;

(g)    Award Plaintiffs, all those similarly situated, and all Arizona Class Members, their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(h)    Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: April 22, 2026                    Respectfully submitted,

/s/ Daniel L. Bonnett
Daniel L. Bonnett
MARTIN & BONNETT P.L.L.C.
4647 N 32nd Street, Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

/s/ Gregory K. McGillivary
Gregory K. McGillivary
Molly A. Elkin
Sarah M. Block
Rachel B. Lerner
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000

Washington, DC 20005
Telephone: (202) 833-8855
gkm@mselaborlaw.com
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Counsel for Plaintiffs*

# EXHIBIT A

**CONSENT TO SUE**
**REQUEST TO BECOME PARTY-PLAINTIFF**

NAME    Mason                          Vanessa                          Raquel
_____
        Last Name                      First                            Middle

Signed by:

B390E005A84940E...
**PLAINTIFF SIGNATURE**

**CONSENT TO SUE**
**REQUEST TO BECOME PARTY-PLAINTIFF**

NAME  Eastman                              Colin                          James
Last Name                         First                          Middle

Signed by:
*[signature]*
A9D57CA0AA56460...
PLAINTIFF SIGNATURE

**CONSENT TO SUE**
**REQUEST TO BECOME PARTY-PLAINTIFF**

NAME    York                                    Carmella                              N/A
              Last Name                              First                              Middle

Signed by:

B57D2939C7134BA...

PLAINTIFF SIGNATURE